||                                    |                                                          |
|------------------------------------|----------------------------------------------------------|
| UNITED STATES DISTRICT COURT       |                                                          |
| SOUTHERN DISTRICT OF CALIFORNIA    |                                                          |

| | |
|---|---|
| JOHNNY DEARS,<br>Booking #19748199,<br><br>                      Plaintiff,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES; SOCIAL SECURITY ADMINISTRATION MANAGER,<br><br>                     Defendants. | Case No.: 3:20-cv-0012-BAS-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM [ECF No. 1]** |

Plaintiff Johnny Dears ("Plaintiff"), detained at the San Diego Central Jail ("SDCJ"), and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1981 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971). (Compl., ECF No. 1.) Although Plaintiff's Complaint is unclear, the Court understands it to allege that he was discriminated against when he was denied social security benefits. (*Id.* at 3–5.) Plaintiff seeks injunctive relief, $200,000 in general and punitive damages, and attorney fees. *Id.* at 7–8.

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Mot. to Proceed IFP, ECF No. 2.)

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a San Diego County Sheriff's Department Detentions Lieutenant, together with a copy

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

of his Inmate Trust Account Activity. (Mot. to Proceed IFP at 6, 8–9.) *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff had only $0.20 available in his account at the time of filing. (Mot. to Proceed IFP at 8.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The Watch Commander of the SDCJ, or their designee, will instead be directed to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A

### A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply

4

essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Allegations

While Plaintiff's Complaint is not entirely coherent and at times difficult to read, Plaintiff indicates that he is a "64 year old Black male whose entire life has been exposed" to racial discrimination by "officials who work for our government." (Compl. at 5.) He alleges the Secretary for the Department of Health and Human Services "allowed the [Social Security] Field Office Manager" to deny Plaintiff's social security benefits for three months "because Plaintiff is African American and not White American." (*Id.* at 3.) Plaintiff further alleges that the Social Security Administration authorized "supplemental security income" to "white citizens" for the same months that Plaintiff was purportedly denied his income. (*Id.*)

Plaintiff alleges the "Social Security Administration Field Office Manager used Plaintiff's race to [deprive] him of [a] lump sum back payment" by refusing to "process Plaintiff's request for reconsideration" of a "lump sum award of $132,000 which Plaintiff was entitled to." (*Id.* at 4.) Plaintiff alleges the Field Office Manager used racial epithets when she denied Plaintiff's social security benefits. (*Id.*)

Plaintiff claims he wrote "10 to 15 letters" to the Defendants to "discuss the facts complained of" and was told "Johnny Dears has nothing coming, he messed up real bad." (*Id.* at 5.) Plaintiff's requests have "all been denied without any written communication." (*Id.*)

### C. Analysis

Plaintiff seeks to bring his claims against the under *Bivens* and 42 U.S.C. § 1981. The Court finds that Plaintiff has failed to state a claim under either authority for the reasons stated below.

#### 1. 42 U.S.C. § 1981

Section 1981 gives all citizens of the United States "the same right in every State or Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. §

1981. In this matter, Plaintiff seeks to hold the Secretary of the Department of Health and Human Services, as well as the "Manager" of the "Social Security Administration Field Office" liable in their official capacities. (Compl. at 2.)

The United States is immune from suit "absent a consent to be sued that is 'unequivocally expressed'" in the text of a relevant statute. *United States v. Bormes*, 568 U.S. 6, 9–10 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992)). "The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities." *South Delta Water Agency v. U.S. Dep't of Interior*, 767 F.2d 531, 536 (9th Cir. 1985).

For claims arising under 42 U.S.C. § 1983 and § 1985, the Ninth Circuit found "no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability." *Jachetta v. U.S.*, 653 F.3d 898, 908 (9th Cir. 2011). And while the Ninth Circuit has not yet addressed directly whether § 1981 claims are barred by sovereign immunity, the Fifth Circuit, Seven Circuit, and Eleventh Circuits have "held that sovereign immunity bars § 1981 claims as well." *Gottschalk v. City and County of San Francisco*, 964 F. Supp. 2d 1147, 1162 (N.D. Cal. Aug. 12, 2013) (dismissing § 1981, § 1983, and § 1985 claims against various federal defendants on the basis that these claims were barred by sovereign immunity).

Specifically, in the Fifth Circuit's decision, it was held that an action against the Secretary for the Department of Health and Human Services in his official capacity, the same Defendant named in the case before this Court, brought pursuant to 42 U.S.C. § 1981 is barred by sovereign immunity. *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999).

This Court agrees with the decision in *Gottschalk* that the "Ninth Circuit has used similar reasoning in rejecting § 1983 claims against federal government actors, it seems likely that it would follow other circuits in finding § 1981 inapplicable to federal government actors." *Gottschalk*, 964 F.Supp.2d at 1162. Therefore, Plaintiff's claims against Defendants pursuant to 42 U.S.C. § 1981 are dismissed.

## 2. Bivens

To the extent that Plaintiff seeks damages based on the allegedly unconstitutional actions of federal actors, "the only possible action . . . is an action under the authority of *Bivens*." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __ U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). *Bivens* arose in the context of a Fourth Amendment violation, however, and the Court has "only expanded [a *Bivens*] 'implied cause of action' twice." *Id.* (quoting *Ziglar v. Abassi*, __ U.S. __, 137, S. Ct. 1843, 1854 (2017)). First, the Court recognized a *Bivens* remedy in the context of a Fifth Amendment claim based on gender discrimination. *Id.* (citing *Davis v. Passman*, 442 U.S. 228 (1979)). Second, the Court expanded *Bivens* to Eighth Amendment inadequate medical care claims raised by a federal prisoner's decedents. *Id.* (citing *Carlson v. Green*, 446 U.S. 14, 24-25 (1980) (concluding that "[a] federal official contemplating unconstitutional conduct [in the context of an Eighth Amendment] medical care [claim]… must be prepared to face the prospect of a *Bivens* action.")).

The "Court's precedents now make clear that a *Bivens* remedy will not be available if there are 'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Abassi,* 137 S.Ct. at 1857 (quoting *Carlson,* 446 U.S. at 18). The Supreme Court has specifically declined to extend *Bivens* liability to claims of constitutional violations in the denial of social security benefits. *See Schweiker v. Chilickly*, 487 U.S. 412, 425 (1988). A "*Bivens* action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." *Adams v. Johnson*, 355 F.3d 1179, 1183–84 (9th Cir. 2004) (citing *Schweiker*, 487 U.S. at 423.) In *Schweiker*, like the case before this Court, the plaintiffs were seeking to have their social security benefits restored after they had been

denied. *See* 487 U.S. at 417. Therefore, the Court finds that no *Bivens* action lies where Plaintiff's claims are based on a denial of social security benefits. *See id.* at 421–422.

### III. CONCLUSION AND ORDER

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Complaint for seeking monetary damages against immune defendants and for failing to state a claim upon which relief may be granted. Given Plaintiff's *pro se* status, however, the Court will grant leave to amend the deficiencies in his pleading noted in this Order. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

Accordingly, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Watch Commander of the SDCJ, or his designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). **ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.**

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101.

4. **DISMISSES** Plaintiff's Complaint for seeking monetary damages against immune defendants and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete

8

20cv12

by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

**DATED: March 4, 2020**

Hon. Cynthia Bashant
United States District Judge