UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY DEARS,<br>Booking No. 19748199,<br><br>           Plaintiff,<br><br>    v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES; SOCIAL SECURITY ADMINISTRATION,<br><br>           Defendants. | Case No. 20-cv-00012-BAS-AGS<br><br>**ORDER DISMISSING ACTION FOR FAILING TO STATE A CLAIM, FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS, AND FOR FAILURE TO PROSECUTE** |

On January 2, 2020, Plaintiff Johnny Dears, housed at the San Diego Central Jail and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971). (*See* Compl., ECF No. 1.)

On March 4, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* but dismissed his Complaint for failing to state any claim upon which relief could be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 4.) Plaintiff was advised of the pleading deficiencies and granted 45 days leave to file an Amended Complaint that fixed them. (*Id.* at 9–10.)

Plaintiff's Amended Complaint was due on or before April 19, 2020. To date,

Plaintiff has not filed an Amended Complaint and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted, for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and for failing to prosecute this action pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's March 4, 2020 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

**DATED: May 5, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[1] The Court's March 4, 2020 Order was returned "undeliverable." (ECF No. 4.) However, to date, Plaintiff has neither contacted the Court nor provided a notice of change of address. A review of the San Diego Sheriff's Department website, as well as the California Department of Corrections and Rehabilitation inmate locator, indicates that Plaintiff is not housed under either authority. *See* https://apps.sdsheriff.net/wiji and https://inmate.locator.cdcr.ca.gov (websites last visited May 4, 2020).